# William F. Starr and William S. Burgess, plaintiffs in error, *vs.* Claibourn Wilson, defendant in error.

## *Error to Jefferson.*

Where there is a plea in abatement to the jurisdiction of the justice of the peace who tried the cause below, and the parties afterwards go to trial on the merits without any disposition being made of the plea, the defendant pleading it, cannot reverse the judgment because the plea was undisposed of.

If a defendant wishes to take any advantage of a plea in abatement, he should call it up before going to trial upon the merits.

A " claim" on the public lands is a good consideration for a contract.

Wilson sued Starr and Burgess before a justice of the peace and a judgment was had for the plaintiff, for $50 and costs. The defendants appealed to the District Court.

At the September term 1843, Wm. S. Burges pleaded in abatement to the jurisdiction of the justice of the peace who tried the cause below.

At the March term 1844, the parties appeared by their attorneys, and

the cause being submitted to the court, a judgment was rendered against the defendants and the security in the appeal bond, for fifty dollars and costs. The record showing no disposition of the plea in abatement.

The defendants below brought the case up on a writ of error.

Errors assigned :

1. The court erred in overruling the plea in abatement of one of the defendants in the court below, and giving judgment in favor of the plaintiff.

2. In giving the judgment aforesaid in favor of the said plaintiff in the court below, without first having decided and disposed of the plea in abatement of one of the defendants.

3. In giving the judgment aforesaid against the defendants upon a written agreement, the consideration of which is a claim on the public lands, a consideration void in law.

J. B. Teas, for plaintiffs in error.

Hall, for defendant in error.

Per Curiam, Mason, Chief Justice.—This cause came into the District Court by appeal. A plea in abatement to the jurisdiction of the justice who tried the case below, was filed, and without any disposition being made of that plea, the parties went into a trial on the merits. If the defendants below wished to take any advantage of their plea in abatement they should have called it to the notice of the District Court before going to trial on the merits. Their own negligence cannot be made the cause of reversing the judgment.

No want of consideration is made apparent in the record.

Judgment affirmed.